IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELA CAPILLI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NICOMATIC L.P. and | : | |
| NICOMATIC, INC. | : | NO. 07-3897 |

ORDER AND OPINION

JACOB P. HART                                                                    DATE:   October 6, 2008
UNITED STATES MAGISTRATE JUDGE

    Defendants Nicomatic L.P., and the related Nicomatic, Inc., ("Nicomatic"), have filed a motion in limine.  As explained below, this motion will be granted in part and denied in part.

I.    Factual and Procedural Background

    In this case, Ela Capilli originally accused Nicomatic, her employer, of sex and race discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981.  She maintained that Nicomatic created a hostile work environment, and then retaliated against her after she complained to management and filed an EEOC complaint about the discrimination.

    In an Opinion dated September 8, 2008, I granted Nicomatic's motion for summary judgment with respect to Capilli's hostile work environment claim.  I also granted partial summary judgment on Capilli's claim of retaliation, dismissing her arguments as they related to co-worker comments and selective discipline.  However, I denied Nicomatic's motion as it related to Capilli's claim that a Nicomatic executive badmouthed her to James Strausbaugh, a co-worker.  Trial on this claim is scheduled for later this month.

Nicomatic has now filed a motion in limine, in which it seeks the exclusion of certain documents, and certain areas of inquiry which it argues pertain only to the dismissed parts of Capilli's complaint.  They are:  (a) the Post-It note with "$10 Me Love You Long Time" written on it and Capilli's related statement; (b) all testimony and evidence related to the Post-It note inquiry; (c) notes by co-worker James Strausbaugh, attached to Nicomatic's motion as Exhibit 2; (d) all testimony relating to alleged comments and conduct of Capilli's co-workers after her January 10, 2007, complaint to David Fisher, Nicomatic's president; (e) and (f) testimony related to incidents taking place on March 20, 2007, and July 6, 2007, to the extent offered to show selective discipline; (g) and (h) Capilli's written warnings for attendance issues, and testimony regarding them; (i) and (j) Capilli's diary of infractions of rules by her co-workers, and related testimony; (k) an affidavit prepared by James Strausbaugh; and (l) a statement prepared by Gobardan "Steve" Nandlal, a co-worker.

In her response, Capilli challenges this motion only with respect to items (a), (b), (c) and item (k).

II.     Legal Standards

A.     A Title VII Retaliation Case

To prove a retaliation case, a plaintiff must show (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action.  Marra v. Philadelphia Housing Authority, 497 F.3d 286, 300 (3d Cir. 2007).

The United States Supreme Court explained in <u>Burlington Northern & Santa Fe Railway Co. v. White</u>, 548 U.S. 53 (2006), that the adverse action by the employer need not be limited to "ultimate employment decisions", or even to action taking place at the workplace.  It need not be severe or pervasive enough to show a hostile work environment.  <u>See</u> <u>Moore v. City of Philadelphia</u>, 461 F.3d 331, 341 (3d Cir. 2006).  Rather, it is enough if the employer action is that which a reasonable employee would have found to be "materially adverse", i.e., if it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." <u>Id</u>. at 68.

B.      <u>The Federal Rules of Evidence Regarding Relevance and Hearsay</u>

Nicomatic claims that the evidence which it seeks to suppress is irrelevant under Federal Rules of Evidence 401, 402 and 403.  Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  As a corollary, Rule 402 states "Evidence which is not relevant is not admissible."  Even relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury ... . "  FRE 403.

Nicomatic also maintains that James Strausbaugh's notes and affidavit are excludable as hearsay, which is defined by FRE 408 as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Hearsay is inadmissible unless it falls within one of the 24 recognized exceptions. FRE 803.

3

III.     Discussion

(A)     The Post-It Note Incident

Nicomatic seeks to exclude from evidence a Post-It note with a racially and sexually offensive message written on it, which was given to Capilli by a co-worker, and evidence of Nicomatic's investigation of that incident. I found in my September 8, 2008, Opinion that, although the incident was offensive, it did not create a hostile work environment because it was (a) isolated and (b) perpetrated by a co-worker, and not a supervisor.

In her response to the motion in limine, Capilli argues that the Post-It note evidence is relevant under FRE 401 because it "has a tendency to make the existence of the severe and pervasive nature of the discrimination, which is of consequence to the determination of the action, more probable than it would be without the evidence."

Her analysis is incorrect. In fact, the nature of any discrimination to which Capilli was exposed is not of any consequence to the determination of her retaliation action. It is irrelevant. A retaliation case focuses on an employer's reaction to an employee's complaints of discrimination. It does not matter whether the employee's complaints were valid or not. Slagle v. County of Clarion, 435 F.3d 262, 268 (3d Cir. 2006), and see Johnson v. University of Cincinnati, 215 F.3d 561, 582 (6th Cir. 2000) ("Protection is not lost if the employee is wrong on the merits of the charge, ... nor is protection lost if the contents of the charge are malicious or defamatory as well as wrong"). Therefore, the jury needs to know only that Capilli engaged in protected activity, i.e., that she complained of sex and race discrimination. Further details are unnecessary.

Capilli also argues that the Post-It note evidence is relevant because it gives context to the reasons for her protected activity, i.e., her complaints of discrimination.  It is true that it would provide the jury with a back-story.  Unfortunately, it would also encourage the jurors to wonder whether Nicomatic, indeed, subjected Capilli to a hostile work environment.  As explained, this issue is not before them.  Thus, the slight relevance of this evidence is outweighed by the danger of confusion of the issues in this case, and waste of time, as both parties tried to control the impression made by the "back-story."  It is therefore excludable under FRE 403.

B.   Strausbaugh's Notes

The notes from James Strausbaugh to Capilli which Nicomatic seeks to exclude include (a) a handwritten note stating:  "Also, Steve is really mad at Dave and is doing things on his own.  Be nice to him and he might help you down the road, in my opinion"; (b) an even shorter handwritten note stating:  "Wendy told me that 'you are on everyone's shit list'"; and (c) a typed document further detailing the statements made by Wendy Grehndal, a co-worker, to Strausbaugh, to the effect that Capilli had become unpopular among the other employees by complaining about discrimination (no supervisors were mentioned).  Notes, attached as Exhibit 2 to Nicomatic's Motion.

The first note does not appear to have any relevance to this case, and is excludable on that ground, aside from being hearsay.  The next two notes are of dubious relevance as well, since they were made by a co-worker, and facially seem to reflect only the attitude of Capilli's other co-workers, rather than employer retaliation.  In my earlier opinion, I specifically rejected Capilli's claim of retaliation in the form of co-worker remarks, because the remarks were never reported to management.  Co-worker harassment is considered retaliatory only where

supervisors knew or should have known about it, but failed to take prompt and adequate remedial action. Moore v. City of Philadelphia, 461 F.3d 331, 349 (3d Cir. 2006).

In any event, these two notes are clearly excludable as hearsay. Capilli argues that they are actually admissible under FRE 801(d)(2)(D), as party admissions in the form of statements by Nicomatic's servant concerning a matter within the scope of her employment. I cannot agree. There is no evidence that surveying Capilli's popularity was within the scope of Wendy Grehndal's employment, rather than an example of mere co-worker gossip.

Capilli alternatively argues that the notes are admissible as statements of Strausbaugh's mental, emotional or physical condition at the time that he made them, under FRE 803(3). This is not true. The notes only and exclusively report Wendy Grehndal's remarks. They utterly fail to reflect Strausbaugh's "then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, or bodily health)", as required by FRE 803(3).

The one part of any note which reflects Strausbaugh's thoughts at all are the final lines to the third note, which state: "I'm not trying to single out Wendy as she has been very good to me and is entitled to her opinion. This conversation just illustrates the attitude towards Ela [Capilli] and Jyostana that I have observed." (Jyostana is another Nicomatic employee). Even this, however, does not reflect Strausbaugh's mental, emotional, or physical condition contemporary with his conversation with Wendy Grehndal, but only his reflections upon writing the note. It is not, therefore, covered by the FRE 803(3) hearsay exception.

C.      <u>Strausbaugh's Affidavit</u>

It is possible that there may be appropriate uses for Strausbaugh's affidavit at trial. I will rule on its admissibility when and if a party seeks to use it.

D.      <u>The Remaining Items</u>

Capilli has not contested Nicomatic's motion in limine as it pertains to matters other than those discussed above. I will therefore grant the motion with regard to those areas described above as (d), (e), (f), (g), (h), (i), (j), and (l).

## O R D E R

AND NOW, this 6th day of October, 2008, upon consideration of Nicomatic's Motion in Limine to Exclude Certain of Plaintiff's Intended Trial Evidence, docketed in this case as Document 26, and Plaintiff's response thereto, it is hereby ORDERED that the Motion is GRANTED IN PART and DENIED IN PART:

(a) The Motion is DENIED as it pertains to the affidavit prepared by James Strausbaugh, the admissibility of which will be ruled upon at time of trial;

(b) The language of item 4 in Nicomatic's motion is clarified to exclude: "All testimony related to the alleged comments and conduct of Ms. Capilli's coworkers after her January 10, 2007, complaint to Mr. Fisher *to the extent offered to show retaliatory co-worker comments*."

(b) The Motion is otherwise GRANTED.

BY THE COURT:

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE